UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF B.N. BARROIS & SONS, LLC, AS OWNER AND OPERATOR OF THE T/B FRENCH LADY, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * | CIVIL ACTION NO. SECTION: |

## VERIFIED COMPLAINT

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

The Complaint of B.N. Barrois & Sons, LLC (hereinafter "Limitation Plaintiff"), as owners and operators of the FRENCH LADY (the "Vessel"), in a cause of exoneration from or limitation of liability, civil and maritime, alleges upon information and belief as follows:

1.

This is a cause of admiralty and maritime jurisdiction, as hereinafter more fully appears, brought under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty & Maritime Claims (the "Supplemental Rules").

2.

At all times hereinafter mentioned, Limitation Plaintiff was, and now is, a limited liability company organized and existing under and by virtue of the laws of the State of Louisiana, and was, at all times hereinafter mentioned, the owner and operator of the Vessel.

3.

At all times hereinafter mentioned, the FRENCH LADY was a U.S. built, United States Coast Guard documented, towing vessel (Official Number 279723), with principal dimensions of 42 feet in length, and 18 feet in breadth.

4.

Prior to and at all times hereinafter described, Limitation Plaintiff exercised due diligence to make and to maintain the Vessel in all respects seaworthy; and at all times hereinafter described, the Vessel were, in fact, tight, staunch, strong, and fully and properly equipped, and in all respects seaworthy and fit and proper for the service in which the Vessel were engaged until the occurrence of the casualty hereinafter described.

5.

At approximately 1230 hours on July 15, 2008, the FRENCH LADY capsized and sank near Algiers Point at mile 94.6 AHP on the Lower Mississippi River after being overrun and tripped by the T/B ROGER K.

6.

The accident occurred as a result of the negligence of the ROGER K and not by reason of any negligence or fault on the part of the FRENCH LADY.

7.

There were 3 people onboard the FRENCH LADY at the time of this sinking, none of whom were seriously injured.

8.

On March 26, 2009, Roger Toups, the captain of the FRENCH LADY at the time of her sinking, filed a Supplemental and Amended Petition for Damages against Limitation Plaintiff

with the Civil District Court for the Parish of Orleans seeking damages for injuries allegedly sustained in the incident. See Exhibit "A".

9.

Limitation Plaintiff was not served with a copy of the Complaint until June 18, 2009.

10.

Limitation Plaintiff is, as of this date, unaware of any suits, petitions, demands, unsatisfied claims of liens, or liens against the Vessel in connection with the incident made the subject of this Complaint, except for the Supplemental and Amended Petition for Damages filed by Roger Toups and attached hereto as Exhibit "A".

11.

The incident, any physical damage, personal injury, contingent losses and all other losses, damages, expenses and costs resulting therefrom were not caused or contributed to by any fault, negligence, unseaworthiness, or lack of due care on the part of Limitation Plaintiff, the Vessel, or any person for whom or which Limitation Plaintiff was or might be responsible.

12.

The incident, any physical damage, personal injury, contingent losses and all other losses, damages, expenses and costs resulting therefrom, were caused and occurred without the privity or knowledge of Limitation Plaintiff.

13.

This Complaint is filed within six months from the date Limitation Plaintiff received first notice of a limitable claim.

14.

The value of Limitation Plaintiff's interest in the Vessel following the casualty described above is $5,000.00, assuming the Vessel can be raised from the bottom of the Mississippi River, where she currently lies, and sold for scrap.

15.

The total amount of pending freight/hire for this voyage is $0.

16.

Subject to an appraisal of its interests, Limitation Plaintiff herewith deposits with the Court, as security for the benefit of all potential claimants, a Stipulation For Value as a Letter of Undertaking in the sum of $5,000.00 plus interest at six percent (6%) per annum from the date of said Stipulation, said sum representing the total value of the Vessel, its appurtenances, and pending freight following the casualty.

17.

Limitation Plaintiff claims exoneration from liability for any and all injuries, losses, or damages occurring as a result of the aforesaid accident and for any and all claims therefor. Limitation Plaintiff alleges that it has valid defenses thereto on the facts and on the law. Alternatively, Limitation Plaintiff, without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided for in Sections 4281-4283, 4284, 4285 and 4289 of Title 46 of the United States Code (46 U.S.C. §§ 181-185 and 188), and the various statutes supplemental thereto and amendatory thereof, and to that end Limitation Plaintiff herewith deposits with the Court, as security for the benefit of potential claimants, the aforementioned Stipulation For Value.

18.

Should it later appear that Limitation Plaintiff is or may be liable and that the amount or value of its interest in the Vessel and its pending freight, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum represented by the Stipulation, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules, the general maritime law, and by the rules and practices of this Honorable Court.

19.

All and singular the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE, Limitation Plaintiff prays that:**

(1) This Court issue an Order approving the Stipulation For Value issued by the owner of the T/B FRENCH LADY, individually and solely to the extent of their respective percentages set forth, deposited with the Court by Limitation Plaintiff as security in the form of a Letter of Undertaking for the amount or value of its interest in the Vessel and its pending freight;

(2) This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Limitation Plaintiff a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the

attorneys for Limitation Plaintiff an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

(3) This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Limitation Plaintiff and its underwriters, and/or against the Vessel, her officers and crew or against any employee or property of Limitation Plaintiff except in this action, to recover damages for or in respect of any loss, damage, or injury occasioned or incurred as a result of the aforesaid accident;

(4) This Court adjudge that Limitation Plaintiff and its underwriters are not liable to any extent for any injuries, losses or damages occurring as a result of the accident, or for any claim therefor in any way arising out of or resulting from the aforesaid accident;

(5) The Court in this proceeding will adjudge that Limitation Plaintiff and its underwriters are not liable to any extent for any injuries, losses or damages occurring as a result of the accident, or for any claim whatsoever in any way arising from or in consequence of the aforesaid accident; or if Limitation Plaintiff and its underwriters shall be adjudged liable, then that such liability be limited to the amount or value of Limitation Plaintiff's interest in the Vessel and its pending freight, as aforesaid, at the end of the voyage on which it was engaged at the time of the accident, and that Limitation Plaintiff and its underwriters be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled,

and that a decree may be entered, discharging both Limitation Plaintiff and its underwriters from all further liability; and

  (6) Limitation Plaintiff may have such other, further or different relief as may be just in the circumstances.

        Respectfully submitted,

        PHELPS DUNBAR LLP

      BY: _____
        Thomas Kent Morrison (Bar #25802)
        Michael M. Butterworth (Bar #21265)
        Clay V. Bland, Jr. (Bar #32066)
        Canal Place
        365 Canal Street • Suite 2000
        New Orleans, Louisiana 70130-6534
        Telephone: (504) 566-1311
        Telecopier: (504) 568-9130
        Email: morrisok@phelps.com
           michael.butterworth@phelps.com
           blandc@phelps.com

        ATTORNEYS FOR B.N. BARROIS & SONS,
        LLC AND NATIONAL CASUALTY COMPANY

**SERVICE:**

**Cheramie Holdings, LLC**
Through its registered agent for service of process:
Huey J. Cheramie
111 W. 194th Street
Galliano, Louisiana 70354

**HLC Tugs, LLC**
Through its registered agent for service of process:
Cossich, Sumich & Parsiola, LLC
8397 Highway 23
Suite 200
Belle Chase, Louisiana 70037

**Bateau Louisiane, Inc.**
Through its registered agent for service of process:
Huey J. Cheramie
111 W. 194th Street
Galliano, Louisiana 70354

**Roger Toups**
Through his attorney:
Joshua L. Rubenstein
Scheuermann & Jones
909 Poydras Street
Suite 2556
New Orleans, Louisiana 70112