UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF B.N. BARROIS & SONS, LLC, AS OWNER AND OPERATOR OF THE T/B FRENCH LADY, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * | CIVIL ACTION<br><br>NO.<br><br>SECTION: |

EXHIBIT "A"

LIST OF SUITS FILED

Roger Toups v. Marmac, LLC, *et al.*           Civil District Court for the Parish of Orleans
State of Louisiana
Civil Action No. 2008-12337

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS    FILED

STATE OF LOUISIANA

NO. 2008-12337          DIVISION: I          DOCKET NO.: 14

ROGER TOUPS

VERSUS

MARMAC, LLC D/B/A McDONOUGH MARINE AND
McDONOUGH PROJECT SERVICES LP

FILED:_____    _____
                                      DEPUTY CLERK

**PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDED
PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes ROGER TOUPS, a person of full age of majority and resident of the State of Louisiana, and for his First Supplemental and Amended Petition for Damages respectfully represents as follows:

1(a).

Plaintiff prays that his suit be recaptioned as follows:

ROGER TOUPS

VERSUS

MARMAC, LLC D/B/A McDONOUGH MARINE,
McDONOUGH PROJECT SERVICES LP, B.N. BARRIOS AND SONS, LLC,
BLOCK ONE MARINE, INC, AND BAY & OCEAN MARINE TOWING, L.L.C.

1(b).

Made defendants herein are:

(A) MARMAC, LLC D/B/A McDONOUGH MARINE, on information and belief, is a corporation authorized to do and doing business within the State of Louisiana and jurisdiction of this Honorable Court, and at all times herein, the owner, owner *pro hac vice*, and/or operator of the M/V ROGER K.

(B) McDONOUGH PROJECT SERVICES LP, on information and belief, is a corporation authorized to do and doing business within the State of Louisiana and jurisdiction of this Honorable Court, and at all times herein, the owner, owner *pro hac vice*, and/or operator of the M/V ROGER K.

(C) B.N. BARRIOS & SONS, L.L.C., on information and belief, is a corporation authorized to do and doing business within the State of Louisiana and


EXHIBIT A

jurisdiction of this Honorable Court, and at all times herein, the owner,

owner *pro hac vice*, and/or operator of the M/V FRENCH LADY.

(D)  BAY & OCEAN MARINE TOWING, L.L.C., on information and belief, is a

corporation authorized to do and doing business within the State of

Louisiana and jurisdiction of this Honorable Court, and at all times herein,

the owner, owner *pro hac vice*, and/or operator of the M/V FRENCH

LADY.

(E)  BLOCK ONE MARINE, INC., on information and belief, is a corporation

authorized to do and doing business within the State of Louisiana and

jurisdiction of this Honorable Court, and at all times herein, the owner,

owner *pro hac vice*, and/or operator of the M/V FRENCH LADY.

## FIRST CAUSE OF ACTION

2.

Petitioner, ROGER TOUPS, was at all times mentioned herein a member of the crew of the M/V FRENCH LADY, performing his duties as a seaman aboard said vessel. Defendants are liable unto him under the admiralty law known as the Merchant Marine Act, modified and commonly known as the Jones Act, 46 U.S.C. Appx. § 688 (now 46 U.S.C. § 30104), and pursuant to the General Maritime Law of the United States of America, and under the law and statutes of the State of Louisiana, including but not limited to C.C. Arts. 2315 et seq., and he brings this suit pursuant to the "savings to suitors" clause of the United States Constitution and hereby designates this claim as one in admiralty and maritime, for the following reasons:

3.

On or about July 15, 2008, plaintiff was employed as a seaman aboard the M/V FRENCH LADY, which vessel was in the navigable waters of the United States within the jurisdiction of this Court. On that date, plaintiff was performing his assigned duties aboard the vessel. In the course of performing those duties, suddenly and without warning the M/V FRENCH LADY was struck by a barge under the control of the M/V ROGER K due to the negligence of the defendants and/or the unseaworthiness of the M/V ROGER K. The M/V FRENCH LADY was girded, tripped and capsized, thereafter sinking near Algiers Point on the Mississippi River and plaintiff was forced to

jump clear of the M/V FRENCH LADY and swim to the M/V ROGER K, causing plaintiff to suffer severe and debilitating injuries to his body and mental anguish.

4.

Plaintiff was in no manner negligent. On information and belief, plaintiff alleges that the sole and proximate cause of his injuries, as described herein, was the unseaworthiness of the M/V ROGER K and/or M/V FRENCH LADY and/or negligence and/or failure of the defendants, and their servants and/or agents, in carrying out their obligations and duties, individually and concurrently, in the following respects:

1. Failure to provide plaintiff with a safe place in which to work;

2. Failure to provide plaintiff with the proper equipment and/or personnel to accomplish its job in a reasonably safe manner;

3. Failure to warn the plaintiff;

4. Failure to properly navigate the vessels;

5. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the vessels;

5. Failure to warn plaintiff and other vessels of the dangerous and unsafe conditions of the vessels;

6. Failure to properly man the vessels;

7. Creation and maintenance of an unseaworthy vessel, and failure to properly maintain and repair the vessels;

8. Hiring untrained and unskilled co-employees;

9. Retaining employees found to be careless and/or unskilled;

10. Failure to provide competent and adequate supervisory authority;

11. Breach of legally imposed duties of reasonable care owed by the defendant(s) to other vessels and mariners;

12. Failure to provide prompt and adequate medical care, treatment, maintenance and cure, and additional damages caused thereby;

13. Other acts of negligence and conditions of unseaworthiness to be proven at the trial of this case.

5.

By reason of the negligence of the defendants and unseaworthiness of the vessels, and other acts and inactions described herein, plaintiff sustained serious injuries including but not limited to the following: possible ruptured and/or herniated discs and nerve damage, and other injuries to his bones, muscles and joints, organs and tissues among other component parts of his shoulders, arms,

head, back, ribs, legs, feet, and hands. As a result thereof, plaintiff has in the past and will in the future: require medicines, medical care, medical treatment, have to expend moneys and incur obligations for treatment and care, suffer agonizing aches, pains, and mental anguish, and be disabled from performing his usual duties, occupations and avocations.

6.

As a direct and proximate result of the aforesaid negligence, breach of duties, and unseaworthiness on the part of the defendants herein, plaintiff has suffered injuries and damages for which defendants are liable unto him, plus legal interest from the date of occurrence, attorney's fees, and all costs of these proceedings.

## SECOND CAUSE OF ACTION: MAINTENANCE AND CURE

7.

Plaintiff repeats and realleges all of the foregoing paragraphs with the same force and effect as if herein set forth in full, and in addition thereto alleges that as a result of the aforementioned injuries which plaintiff received aboard the vessel, he was rendered unfit for duty as a seaman from the date of the accident, on or about July 15, 2008.

8.

Pursuant to the General Maritime Laws of the United States of America, the defendants owed the absolute and non-delegable duty to provide plaintiff with maintenance and cure benefits from the date of his injury until full recovery.

9.

Thus, the defendants are indebted unto the plaintiff for maintenance and cure benefits in the amount of THIRTY ($30.00) DOLLARS per day from November 20, 2006, until he has fully recovered from his injuries, or such amount as he is legally entitled to, together with interest from the date of occurrence, a reasonable attorney=s fee and all costs of these proceedings.

10.

In addition, the defendants' failure and/or refusal to pay the plaintiff's maintenance and cure benefits has been arbitrary, capricious and without cause. As a result, the plaintiff has had to endure additional and unnecessary pain and suffering and possible worsening of his physical condition. As a result thereof, the defendants are liable unto the plaintiff for additional compensatory damages in a full and true amount to be determined at the trial of this matter, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings.

WHEREFORE, plaintiff prays that defendants be served with a copy of this petition, and after due proceedings had and the expiration of all legal delays herein:

a) There be a judgment rendered in favor of the plaintiff, ROGER TOUPS, and against defendants, MARMAC, LLC D/B/A McDONOUGH MARINE, McDONOUGH PROJECT SERVICES, LP, BARRIOS & SONS, LLC, BAY & OCEAN MARINE TOWING, LLC, and BLOCK ONE MARINE, INC., for damages in an amount to be determined at trial, together with interest from the date of occurrence until paid, attorneys fees, and all costs;

b) There be a judgment rendered herein in favor of plaintiff and against the defendants for maintenance and cure benefits, past, present, and future at a daily rate of THIRTY ($30.00) DOLLARS, plus interest from the date of occurrence, costs and attorneys fees therefore, all in a true sum to be determined at the trial of this case;

c) There be judgment herein in favor of the plaintiff and against the defendants for additional compensatory damages for the defendants' arbitrary, capricious, and/or without cause failure and/or refusal to pay plaintiff's maintenance and cure benefits, in an amount to be determined at trial, together with interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings;

d) For any and all other relief which the law and justice provide.

RESPECTFULLY SUBMITTED:

LAWRENCE BLAKE JONES (7495)
DAVID C. WHITMORE (17864)
JOSHUA L. RUBENSTEIN (25229)
SCHEUERMANN & JONES
909 Poydras Street, Suite 2556
New Orleans, Louisiana 70112
Telephone: (504) 525-4361
Facsimile: (504) 525-4380

**PLEASE SERVE THE FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES:**

1. MARMAC, LLC D/B/A McDONOUGH MARINE and McDONOUGH PROJECT SERVICES, LP
   Through their Attorney of Record
   **Stanley J. Cohn**
   Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
   27th Floor, Pan American Life Center
   601 Poydras Street
   New Orleans, LA 70130

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

**PLEASE SERVE THE ORIGINAL PETITION, FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES, AND THE ATTACHED DISCOVERY REQUESTS:**

2. B.N. BARRIOS & SONS, LLC
   Through its Registered Agent for Service of Process
   Berthney N. Barrios, Jr.
   427 Planters Canal Road
   Belle Chasse, LA 70037

3. BAY & OCEAN MARINE TOWING, LLC
   Through its Registered Agent for Service of Process
   Berthney N. Barrios, Jr.
   427 Planters Canal Road
   Belle Chasse, LA 70037

4. BLOCK ONE MARINE, INC.
   Through its Registered Agent for Service of Process
   Berthney N. Barrios, Jr.
   427 Planters Canal Road
   Belle Chasse, LA 70037